IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OMINI TETE RIMAN,<br><br>Defendant. | Case No. 1:25-cr-99 |

**GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S MOTIONS TO SEVER AND TO STRIKE SURPLUSAGE**

The United States of America, through the United States Attorney for the Eastern District of Virginia, responds in opposition to the defendant OMINI TETE RIMAN's two motions: Motion to Sever Counts (ECF No. 32) and Motion to Strike Surplusage from the Indictment, and Exclude Related Evidence (ECF No. 33).

I. **PROCEDURAL BACKGROUND**

On April 8, 2025, a grand jury in the Eastern District of Virginia returned a 7-count indictment against the defendant. Count 1 charged the defendant with corruptly attempting to interfere with the due administration of the Internal Revenue laws, in violation of 26 U.S.C. § 7212(a). More specifically, Count 1 alleged that the defendant, in the face of ongoing collection activities by the Internal Revenue Service ("IRS"), among other actions: (1) transferred property to a trust, (2) opened nominee bank accounts and deposited funds and income into that account, (3) submitted false information returns and Forms 1099 to the IRS, and (4) directed one of his tenants to disregard an IRS Notice of Levy. Counts 2 through 7 charged the defendant with

willfully failing to file a tax return for tax years 2018 through 2023, in violation of 26 U.S.C. § 7203.

Trial is scheduled to commence in this case on November 12, 2025. On October 8, 2025, the defendant filed a motion to sever Count 1 from Counts 2 through 7. ECF No. 32. This motion argued that: (1) Count 1 has a different character, involves different acts, and is not part of any common scheme or plan to Counts 2 through 7 that would support joinder under Federal Rule of Criminal Procedure 8; and (2) Count 1 should be severed because joining it with the remaining counts would prejudice the defendant by not permitting him to make independent decisions on whether to testify and waive his Fifth Amendment right against self-incrimination. On October 9, 2025, the defendant filed a motion to Strike Surplusage from the Indictment & Exclude Related Evidence from Trial.[1] ECF No. 33. The defendant's motion seeks to strike paragraph 19 of the indictment and the references in paragraph 23 to tax years 2015 through 2017.

II.     ARGUMENT

   A. The Court Should Deny the Defendant's Motion to Sever

      1. Legal Standard

Analysis of a motion to sever relies on Federal Rules of Criminal Procedure 8 and 14. *United States v. Contreras*, 149 F.4th 349, 369 (4th Cir. 2025). Rule 8 permits the joinder of offenses into the same indictment where the charges are "of the same or similar character, . . . based on the same act or transaction, or . . . connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Separately, Rule 14 permits a court, in its discretion, to

---

[1] This was a corrected version of the filing, as the incorrect document had previously been filed the prior day. (ECF No. 31).

sever a properly joined offense in an indictment if the joinder "appears to prejudice a defendant." Fed. R. Crim. P. 14(a).

Under Rule 8, joinder "is the rule rather than the exception." *Contreras*, 149 F.4th at 370 (internal quotation marks omitted). It is a rule read broadly, merely requiring a "logical relationship between the offenses charged in the indictment." *United States v. Blair*, 661 F.3d 755, 769 (4th Cir. 2011). The purpose of a "very broad joinder" regime is to promote "increased efficiency in trying a defendant on related counts in one trial." *Contreras*, 149 F.4th at 370. This helps courts "avoid[] duplicative testimony and additional jury empanelment, promote[] economical use of judicial resources, and minimize[] the likelihood and inequity of inconsistent verdicts." *Id.*

If a count is properly joined under Rule 8, Rule 14 provides a demanding analysis. A defendant is entitled to severance under the rule only where they can "establish that actual prejudice would result from a joint trial, and not merely that a separate trial would offer a better chance of acquittal." *Blair*, 661 F.3d at 770. In other words, that a trial with all counts would "prevent the jury from making a reliable judgment about guilt or innocence." *Id.*

2. <u>The counts were properly joined under Rule 8</u>

All counts in the indictment were properly joined under Rule 8. The two types of counts here—corruptly interfering with the due administration of the Internal Revenue laws, in violation of 26 U.S.C. § 7212(a), and willfully failing to file tax returns, in violation of 26 U.S.C. § 7203—are plainly logically related, of a sufficiently similar character, and constitute part of a common scheme. *See* Fed. R. Crim. P. 8(a); *Blair*, 661 F.3d at 769.

To start, both types of charges are continuing attempts by the defendant to avoid paying money to the IRS to meet his lawful tax obligations. To wit, Count 1 deals directly with the

3

defendant's desire to defeat the lawful collection efforts by the IRS and avoid paying any of his properly-assessed tax liabilities. The remaining § 7203 counts are of a similar nature, with the failures to file tax returns impeding the ability of the IRS to determine the defendant's proper tax liability for the relevant tax years, hindering collection on those liabilities, and helping the defendant to further avoid collection efforts by hiding potential sources of income for the IRS to garnish in collection efforts related to the liabilities associated with the § 7212(a) count. It is notable that the defendant ceased filing tax returns with the IRS despite earning significant income in 2015, the year he became aware of the IRS's collection efforts relevant to Count 1.

      The defendant's motion is light on law, with no support for the argument that the similar tax nature of the counts is insufficient for joinder. His lone citation to *United States v. Hawkins* demonstrates how categorically different this case is from those with impermissible joinder. In *Hawkins*, the government joined a carjacking count with a felon-in-possession count that were separated by approximately 3 weeks and involved different firearms. *United States v. Hawkins*, 776 F.3d 200, 209 (4th Cir. 2015). The Fourth Circuit held that the only two common components to the crime—the same defendant and a generalized temporal connection—were insufficient for joinder. *Id.* This case is easily distinguishable. Here, in addition to the same defendant and temporal connection, the conduct affects the same victim (the IRS), has the same motive (not paying tax liabilities), and involves similar conduct (acts to hide income from the IRS). Moreover, the temporal connection in this case is greater than that in *Hakwins* because the defendant's impeding conduct (the basis for the § 7212(a) count) was ongoing for years and, therefore, temporally overlapped with his failures to file tax returns during those years (the basis for the § 7203 counts) While the defendant is correct that the elements are unique for each of the charged statutes, he overstates the independence of the evidence. The failures to file go directly

4

to the defendant's consistent pattern of impermissibly hiding sources and levels of income from the IRS to prevent any collection efforts and any payments towards properly-assessed tax liabilities.

Further, the need to promote judicial efficiency supports joinder. *See Contreras*, 149 F.4th at 370. There is significant overlap in necessary witnesses between the two types of counts. In addition to the IRS witnesses who will, among other things, testify as to corrupt acts to impede the IRS and provide evidence of willfulness for the failures to file, numerous lay witnesses, some of whom reside out of district, would be required to testify at two different trials should severance be granted.

Testimony from the defendant's employer is directly relevant to both counts. The defendant attempted to defeat the IRS's collection efforts by interfering with a levy sent to his employer. A representative of his employer is necessary to provide testimony as to the defendant's efforts. Further, evidence of income from his employer is directly relevant to both his efforts to impede collections and that he exceeded the filing threshold in the tax years relevant to the charged counts.

Likewise, testimony from the defendant's prior tax controversy consultant, who previously served as an IRS Criminal Investigation special agent ("Tax Consultant"), and tenants at his properties owned through nominees are directly relevant to both Count 1 and the § 7203 counts. The defendant's prior Tax Consultant, who resides in Florida, speaks directly to advice provided to the defendant regarding his tax obligations, which goes directly to the mens rea of both counts. As to the tenants, their testimony about their rent owed, and the defendant's instructions on where to send rent payments, goes both to the defendant's corrupt endeavor to defeat a levy issued during collection efforts by the IRS and income exceeding the filing

5

threshold for relevant tax years. Joinder directly avoids duplicative testimony and promotes the preservation and efficient use of judicial resources by compelling the same testimony once, instead of twice.

Courts addressing severance issues within cases involving tax charges often group the tax charges together, considering severance of the group of tax charges from what are often labelled the substantive charges. *See, e.g.*, *United States v. Whitworth*, 856 F.2d 1268, 1277 (9th Cir. 1988) ("joinder of the substantive and tax charges is proper under Rule 8(a)"); *United States v. Riley*, 621 F.3d 312, 334 (3d Cir. 2010) (holding joinder of tax charges and other fraud charges proper). This implies the general presumption that different types of tax charges can be permissibly joined. *See, e.g.*, *United States v. Stinson*, 761 F. App'x 527, 528-29 (6th Cir. 2019) (holding that tax charges were properly joined with theft of government funds and aggravated identify theft charges from a different tax fraud scheme). While the issue of severance is not directly addressed, there are numerous affirmances of convictions where a defendant has been found guilty of both §§ 7203 and 7212(a) in a single trial, implying that joinder of such charges is appropriate. *See, e.g.*, *United States v. Melot*, 732 F.3d 1234 (10th Cir. 2013); *United States v. Cheff*, 829 F. App'x 104 (6th Cir. 2020); *United States v. Gilmartin*, 684 F. App'x 8 (2d Cir. 2017). Based on all the above, the counts in the indictment were plainly properly joined under Rule 8.

    3. <u>The defendant has failed to state a sufficient basis for severance under Rule 14</u>

Given that the counts were properly joined under Rule 8, the Court must apply the demanding standard of Rule 14 to any request to sever. The defendant's argument fails to meet that standard.

The defendant appears to raise two arguments as to the applicability of Rule 14. First, he argues that, without severance, his right to decide to testify in his own defense will be impacted,

as defending against each type of charge could lead to contradictory considerations.  Second, he appears to rehash his arguments raised in his Rule 8 section, arguing that the difference in the nature of the charges could confuse the jury and induce a risk of confusion, causing conviction based on "unconnected charged violations." ECF No. 32 at 7.  The Government's argument as to Rule 8 equally applies to this latter argument and make it equally frivolous.  Further, the defendant's generic hand-waving statements as to why the jury would not be able to independently judge each offense fails to point to anything specific in the charges that would likely cause confusion.  Moreover, any such risk could easily be remedied through a jury instruction.  *See United States v. Hunt*, 99 F.4th 161, 192-93 (4th Cir. 2024) (noting that there is no prejudice to a defendant as to a guilty verdict where the district court has provided the necessary jury instructions).  If accepted, the defendant's argument would counsel for severance of any and all counts in an indictment with different statutory crimes.  Such an argument does not comport with the standard applied by the Fourth Circuit.

  As to the defendant's first argument, it fails to meet the Fourth Circuit's requirements for severance.  To start, Rule 14 severance requires a "strong showing of prejudice," and should not be granted merely because "joinder makes for a more difficult defense." *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984).  In *Goldman*, the defendants similarly made generic arguments that "they may have wanted to testify as to one count and not take the witness stand as to another." *Id.*  The Fourth Circuit found denial of such a severance motion appropriate "[w]ithout some proffer by the defendant as to the testimony he might wish to present on one count, while not wishing to testify on the other." *Id.*  The Fourth Circuit adopted reasoning from the D.C. Circuit that "no need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to

7

refrain from testifying on the other." *Id.* (quoting *Baker v. United States*, 401 F.2d 958, 976-77 (D.C. Cir. 1984)).

Here, defendant has failed to meet this standard. Rather than providing any concrete examples of testimony that he wishes to provide in defense of one of the counts, while maintaining a need to refrain from testifying as to the other, the defendant merely says that a failure to sever the claims will impede his decision-making process. If accepted, this generalized argument would prophylactically require severance for any indictment with multiple counts. Without further proffer from the defendant as to the specific statements impacted by joinder, the Court is put in the unenviable predicament of conducting a "guessing game" as to what impact, if any, joinder of the counts would have on the ability of the defendant to testify on his own behalf. *Id.*

Neither rationale put forward by the defendant supports the Court using Rule 14 to sever the counts in the indictment. Because joinder of the counts was proper under Rule 8, the Court should deny defendant's motion.

### B. The Court Should Deny the Defendant's Motion to Strike Surplusage and Exclude Evidence

Mr. Riman also moves to strike language from two places in the indictment: (1) "the entirety of paragraph 19," which discusses the defendant's conduct in response to being notified that he was under criminal investigation; and (2) "the 2015, 2016, and 2017 rows of the table in paragraph 23," which lists Mr. Riman's income for each year. ECF. No. 33 at 1. The language that the defendant contends should be struck is relevant to the charges against him and is neither inflammatory nor prejudicial. Accordingly, the defendant's Motion to Strike Surplusage should be denied.

1. Legal Standard

Federal Rule of Criminal Procedure 7(d) provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). The Fourth Circuit has held that "[a] motion to strike surplusage from the indictment should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006) (quoting *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998)).

The defendant must show *both* that the language is irrelevant *and* that it is inflammatory or prejudicial. *Id.*; *see also United States v. Hallman,* 578 F. App'x 209, 212 (4th Cir. 2014) (citing *United States v. Hedgepeth*, 434 F.3d 609, 612 (3d Cir. 2006) ("[I]nformation that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion.")).

The Court may reserve ruling on a motion to strike surplusage until hearing the evidence and determining its relevance at trial. *See United States v. Clark*, 541 F.2d 1016, 1018 (4th Cir. 1976).

2. Analysis

The defendant is charged with attempting to interfere with the IRS's due administration of the Internal Revenue laws, from April 2019 through February 2021, in violation of 26 U.S.C. § 7212(a), and failing to file tax returns for the 2018 through 2023 tax years, each in violation of 26 U.S.C. § 7203. ECF No. 1 ¶¶ 21, 23, 24. Because the language that the defendant seeks to

strike is relevant to all the charges against him and is not inflammatory or prejudicial, the Court should deny the defendant's motion in full.

### i. Paragraph 19

Paragraph 19 states:

> On or about January 24, 2025, RIMAN was served a letter by law enforcement officers notifying RIMAN that he was the target a federal Grand Jury investigation into alleged violations of federal tax laws. In response, on or about February 5, 2025, RIMAN submitted to the IRS Forms 1040 for tax years 2017 through 2020 which falsely reported that RIMAN had earned no income during those years. ECF No. 1 ¶ 19.

ECF No. 1 ¶ 19.

The defendant's conduct in January 2025 is relevant to his alleged violations of § 7212(a) and § 7203. Regarding § 7212(a), this conduct is relevant to the defendant's intent—specifically that his actions between 2019 and 2021 were taken corruptly. "[S]ubsequent conduct may be highly probative of prior intent." *United States v. Hines*, 717 F.2d 1481, 1489 (4th Cir. 1983) (quoting *United States v. Hadaway*, 681 F.2d 214, 217 (4th Cir. 1982)). Here, the defendant's conduct in 2025 supports the notion that his obstructive acts in prior years were done with an intent to secure an unlawful benefit, rather than a mere mistake or misunderstanding. *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997).

At trial, the government intends to introduce evidence showing that the defendant, during lawful IRS collections efforts, was repeatedly told by his Tax Consultant, as well as by numerous IRS revenue officers, that he was required to return refunds issued to him based on false Forms 1040 that he had filed for tax years 2013 and 2014. Despite these warnings, the defendant took numerous actions between 2019 and 2021 to obstruct the collection of these refunds. Then, in 2025, the defendant was informed that he was the subject of a federal Grand Jury investigation

into alleged violations of federal tax laws.  Rather than claiming that his obstructive acts were a mistake, or seeking to correct his past wrongdoing, the defendant doubled-down on his previous behavior by submitting to the IRS blank tax returns, a type of frivolous filing referred to as a "zero return."  *Clarkson v. Comm'r of Internal Revenue*, 124 T.C.M. (CCH) 143 (T.C. 2022), *dismissed*, No. 23-1060, 2023 WL 4458332 (3d Cir. Apr. 25, 2023); *see also Olson v. United States*, 760 F.2d 1003, 1005 (9th Cir. 1985).  This submission of frivolous returns in 2025—with the intent to throw an additional wrench into the gears of the IRS's administration of tax law—is probative of the defendant's prior intent.  The fact that the defendant continued to act in this recalcitrant manner, even after learning that he was under criminal investigation, rebuts the argument that the defendant's prior acts were unintentional or in good faith.  Therefore, this conduct is relevant and should not be stricken.

Regarding the § 7203 charges, the government intends to introduce IRS account transcripts at trial.  Those account transcripts indicate that returns were filed in 2025 by the defendant for tax years 2017 through 2020.  Paragraph 19 and evidence underlying its allegation would then be necessary to show the context of those filings and demonstrate that, despite purportedly filing returns for those tax years, in fact, the defendant did not *timely* file his returns for those tax years, nor did he file *accurate* returns for those years at all.  *United States v. Queen*, 73 F.3d 359 (4th Cir. 1995) ("Evidence is necessary 'where it is an essential part of the crimes on trial, ... or where it furnishes part of the context of the crime.'") (quoting *United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991); *see also United States v. Sparks*, 23 F.3d 404 (4th Cir. 1994) ("Evidence may also be 'necessary,' at least to facilitate the fact-finder's understanding of the case, where it explains the context of the crime.").  Showing these returns will demonstrate that the defendant failed to ever make a serious attempt at filing accurate returns for the charged

11

years, regardless of the notation on the account transcript. Accordingly, Paragraph 19 and its underlying evidence are relevant to the indictment's § 7203 charges, as well.

### ii. Paragraph 23

Paragraph 23 provides a table listing the defendant's earned wages for the years 2015 through 2023. The defendant objects to the inclusion of rows 2015, 2016, and 2017 of that table. However, these three rows are relevant to the indictment for at least two reasons.

First, collection efforts began in 2015 for the 2013 and 2014 refunds issued to the defendant based on his false Forms 1040 for those years. Significantly, the defendant failed to timely file an accurate income tax return in any year since the start of the collection efforts. This is no coincidence. The lack of any filed tax returns from 2015 onward, is probative of the defendant's motive in failing to file income tax returns and a pattern of practice. *United States v. Trie*, 21 F. Supp. 2d 7, 19 (D.D.C. 1998) ("The government is not precluded from including information in the indictment used 'to place the defendant's actions in context and to establish the defendant's state of mind, intent and motives.'") (quoting *United States v. Weinberger*, Crim. No. 92–235, 1992 WL 294877, at *7 (D.D.C. Sept.29, 1992)); *United States v. Johnson*, 262 F.R.D. 410, 414 (D. Del. 2009) (refusing to strike language from an indictment because "it is generally relevant to the fraudulent schemes alleged by the Government. Further, the Government provided ample descriptions of how the language is relevant for showing the Defendants' fraudulent intent."); *United States v. Eisenberg*, 773 F. Supp. 662, 701 (D.N.J. 1991) (refusing to strike language from an indictment "because it may be relevant to motive and intent."). The government intends to introduce evidence showing that the defendant failed to file tax returns since becoming aware that collection efforts were in motion. Indeed, the defendant's failure to file income tax returns from 2015 on—despite earning substantial income in each of

those years—supplemented his corrupt efforts to prevent collection of the 2013 and 2014 tax years' refunds. This paints a complete picture of the defendant's fraudulent scheme and further demonstrates that the §§ 7212 and 7203 charges are intertwined.

Second, the defendant's income in 2015 through 2017 is relevant to show that the defendant was aware of his obligation to file tax returns for the 2018 through 2023 tax years. The government intends to introduce evidence that the defendant, through numerous interactions with various IRS employees, was informed of his obligation to file tax returns. This informed obligation is necessarily dependent on showing that his income exceeded the filing threshold in the years for which he was advised. This information provides necessary context to the defendant's understanding of his legal obligations regarding the filing of tax returns.

Moreover, the defendant's income in 2015 through 2017 is neither inflammatory nor unduly prejudicial. The indictment merely states that the defendant earned income during those years. This is a far cry from "leaving the strong smell of additional failures to file tax returns lingering in the air." ECF No. 33 at 8. On its face, the indictment language merely refers to income, not the defendant's filing status. Further, a jury can easily segregate the filing requirements, and a defendant's failure to adhere to them, on a yearly basis thereby making any potential prejudicial effect minimal. To the extent that any concern about insinuation remains, the Court can avoid any potential prejudice by not giving the indictment to the jury or providing a proper limiting instruction. *Williams*, 445 F.3d at 734. Indeed, in *Williams*, the Court refused to strike language from an indictment for a felon-in-possession charge that alleged that the defendant was responsible for an uncharged murder, concluding that the allegations were not unfairly prejudicial, were probative of the charged offense, and were mitigated by the fact that

the jury was instructed to consider the evidence for the limited purpose of showing that the defendant possessed the firearm. *Id.* at 733-34.

In the instant case, the defendant failed to meet the demanding standard established by the Fourth Circuit for striking surplusage from an indictment. Both passages highlighted by the defendant are directly relevant to the charges in the indictment, are not of an inflammatory nature, nor are they unduly prejudicial in any way.

### III. CONCLUSION

As set forth above, all counts in the indictment were properly joined under Federal Rule of Criminal Procedure 8. In addition, the defendant failed to provide a sufficient basis for a severance pursuant to Federal Rule of Criminal Procedure 14. Accordingly, the United States asks this Court to deny both Defendant's Motion to Sever Counts (ECF No. 32) and Motion to Strike Surplusage and Exclude Evidence (ECF No. 33).

Respectfully submitted,

Lindsey Halligan
United States Attorney

/s/ *Zachary A. Cobb*
Jordan Harvey
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 236-3852
Jordan.harvey@usdoj.gov

Zachary A. Cobb
Daniel I. Lipkowitz
Trial Attorneys, Tax Division
U.S. Department of Justice
145 M Street NE

Washington, D.C. 20002
(202) 532-3643
Zachary.cobb@usdoj.gov

# CERTIFICATE OF SERVICE

I certify that on October 22, 2025, I filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

By: /s/ *Zachary A. Cobb*
Jordan Harvey
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 236-3852
Jordan.harvey@usdoj.gov

Zachary A. Cobb
Daniel I. Lipkowitz
Trial Attorneys, Tax Division
U.S. Department of Justice
145 M Street NE
Washington, D.C. 20002
(202) 532-3643
Zachary.cobb@usdoj.gov